**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1955-17T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CHRISTOPHER EDWARDS,
a/k/a CHRISTOPH H. EDWARDS,
CHRIS ADAMS, MARK A.
EDWARDS, SAMAD EDWARDS,
CHRISTOPH FRANKLIN, SHARIFF
JONES, CHRISTOPH THOMPSON,
and CHRISTOPE EDWARDS,

     Defendant-Appellant.

_____

Submitted October 2, 2019 – Decided October 22, 2019

Before Judges Yannotti and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment Nos. 14-06-0549 and 14-06-0550.

Joseph E. Krakora, Public Defender, attorney for appellant (Howard Woodley Bailey, Designated Counsel, on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Reana Garcia, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from an order entered by the Law Division on October 13, 2017, which denied his petition for post-conviction relief. We affirm.

I.

Union County Indictment No. 14-06-0550 charged defendant with first-degree robbery, N.J.S.A. 2C:15-1(a)(2) (count one); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count two); and second degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count three). Defendant was also charged under Union County Indictment No. 14-06-0549 with second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7 (count one).

On March 23, 2015, defendant entered a plea agreement, under which he pled guilty to count one of Indictment No. 14-06-0550, and the State agreed to dismiss counts two and three of the Indictment, as well as count one of Indictment No. 14-06-0549. The State recommended a sentence of fourteen

years in state prison, subject to the No Early Release Act (NERA).[1]  During the plea allocution, defendant was represented by John Johnson of the Union County Public Defender's office.

On May 1, 2015, the court sentenced defendant to thirteen years of imprisonment, subject to NERA, to run concurrently with defendant's custodial sentence, which was to be imposed under Essex County Indictment No. 14-11-2761.  The State objected to the sentences running concurrently.  The remaining Union County charges were dismissed.

Defendant did not file a direct appeal.  On July 5, 2016, defendant filed a pro se petition for post-conviction relief (PCR), alleging ineffective assistance of trial counsel.  He also argued that his claims were not procedurally barred.  The PCR court appointed counsel to represent defendant, and counsel filed a brief and supplemental certification.

In the brief and supplemental certification, defendant alleged that Johnson erred by failing to file a direct appeal, which would have presented a meritorious claim, specifically, his counsel allowed a guilty plea to proceed without an adequate factual basis.  He also alleges that NERA should not apply because

---

[1]  N.J.S.A. 2C:43-7.2.

when he committed the robbery, he was in possession of a toy gun, not an operational firearm, and no one sustained a serious injury.

The PCR court conducted an evidentiary hearing on October 2, 2017. Defendant and Johnson testified at the hearing. According to defendant, he wanted to file a direct appeal and he communicated this to Johnson. When presented with the notice of appellate rights form at the hearing, defendant recalled seeing the form at the time of his sentencing.

Johnson testified that he reviewed defendant's file and nothing was noted relative to filing an appeal because defendant did not request one. It was Johnson's practice, in his twenty-one years of experience as an attorney, to review the form "line-by-line" with his clients, even in the case of a refusal to sign the form.

As to the appellate rights form, Johnson testified that it indicated, "Counsel explained rights to defendant but he refused to sign." Further, Johnson testified that if defendant had asked him to file an appeal, he had a duty as counsel to do so. On October 13, 2017, the PCR court issued a written decision. The PCR court found defendant "clearly provided false testimony," and that Johnson was "entirely credible," thereby rejecting defendant's claim he asked Johnson to file a direct appeal.

A-1955-17T2

The PCR court also determined that the petition was procedurally barred under Rule 3:22-4 because defendant could have made his arguments relative to an inadequate factual basis during his plea allocution and his ineffective assistance of counsel claim on direct appeal.

In addition, the PCR court found defendant was "not a credible witness," and that his testimony was "disorganized" and "did not comport with common sense." Defendant contradicted himself because during his plea allocution, he stated that he used a "real firearm," but in his pro se brief, he argued he used a "toy" gun, and in his certification, he stated "[he] was not in possession of a real gun . . . [but] a [BB] gun," which was inoperable. The PCR court entered an order dated October 13, 2017, denying the petition. This appeal followed.

On appeal, defendant raises the following arguments:

> POINT I:
>
> DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL ATTORNEY FAILED TO FILE A DIRECT APPEAL FOLLOWING THE CREATION OF AN ADEQUATE RECORD FOR APPELLATE REVIEW. U.S. CONST. AMENDS. VI, XIV; N.J. CONST. [] ART. 1, [¶]10.
>
> POINT II:
>
> THE COURT MISAPPLIED ITS DISCRETION IN APPLYING RULE 3:22-4, AS A PROCEDURAL BAR

A-1955-17T2

AGAINST THE DEFENDANT'S FILING FOR POST CONVICTION RELIEF IN THIS CASE.

II.

We turn first to defendant's contention that the PCR court erred by finding Johnson provided effective representation and that Johnson was never instructed by defendant to file an appeal.

Claims of ineffective assistance of counsel are considered under the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). The Strickland test requires a defendant to show that the performance of his attorney was deficient, and counsel's deficient performance prejudiced the defense. Strickland, 466 U.S. at 687.

To meet the first part of the Strickland test, a defendant must establish that his attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Ibid. The defendant must rebut the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Id. at 689.

Moreover, to satisfy the second part of the Strickland test, the defendant must show "that counsel's errors were so serious as to deprive defendant of a fair trial, a trial whose result is reliable." Id. at 687. The defendant must

6

establish that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The second prong of the Strickland test also requires a defendant to show that counsel's alleged deficiency caused prejudice. Fritz, 105 N.J. at 52.

We are convinced the PCR court correctly determined that defendant did not request a direct appeal. As the record indicates, the PCR court found defendant was evasive when questioned about the appellate rights form he was shown at sentencing. Johnson credibly testified that if defendant had asked him to file an appeal, he "[a]bsolutely" would have done so and there was "[n]o reason not to."

"Our standard of review is necessarily deferential to a PCR court's factual findings based on its review of live witness testimony." State v. Nash, 212 N.J. 518, 540 (2013). There was sufficient credible evidence in the record to support the PCR court's findings. Moreover, Johnson testified it was his habit and practice to review appellate rights forms with defendants. Because defendant never asked Johnson to appeal, his failure to file a direct appeal is not presumptively deficient. Instead, Johnson acted reasonably under the circumstances, overcoming the first Strickland prong. Therefore, we reject

defendant's claim that Johnson failed to file an appeal, and the ineffective assistance of counsel claim fails.

Defendant also argues that he did not provide an adequate factual basis for the plea. He claims that he was denied the effective assistance of counsel because the elements of the crime, and his admission of guilt, were not his own words but the words of the court. Defendant argues he simply responded, "[y]es sir, I did[,]" to questions posed by the court, rendering his plea invalid and creating grounds for a direct appeal. His argument is devoid of merit. As explained by the PCR court:

> [defendant's] claim that there was an insufficient factual basis taken is completely undermined by his [p]etition. A review of [defendant's] submission confirms that he concedes that he did rob the victim, "but with a toy gun that was never recovered." Further, [defendant] does not dispute that he committed a robbery, but argues that he did so with a BB gun. His issue is that he testified that he had a real gun at his allocution. Pursuant to N.J.S.A. 2C:15-1, this is a distinction without a difference as a BB gun is a deadly weapon. Given [defendant's] admission of the crime in his petition, any arguments based upon leading questions by the [c]ourt are insufficient to grant relief.
>
> [(internal citations omitted).]

The use of leading questions is permitted when a factual basis for a plea is elicited. State v. Smullen, 118 N.J. 408, 412-13 (1990). It is inconsequential

that defendant did not provide an adequate factual basis in narrative form. His answers to the court's questions were sufficient to establish that he committed the charged offense.

Therefore, we reject defendant's claim that he did not provide an adequate factual basis for the plea, and his related claim of ineffective assistance of counsel fails under both prongs of the Strickland test.

### III.

Defendant further argues the PCR court erred by finding his petition was procedurally barred pursuant to Rule 3:22-4, emphasizing that the issues of his factual basis at the time of his plea and ineffective assistance of counsel could have been raised on direct appeal. Under Rule 3:22-4, a PCR claim is procedurally barred if the issue could have been raised on direct appeal.

Defendant argues that Rule 3:22-4 is not a procedural bar to his ineffective assistance of counsel claim or challenge to the inadequate factual basis of his guilty plea because he could not have raised either argument at a prior proceeding. Furthermore, defendant contends that neither claim could have been raised on direct appeal because Johnson failed to file the very appeal in which the issues could have been raised. There is no evidence to support defendant's claims.

9

Post-conviction relief is not a substitute for a direct appeal. State v. Echols, 199 N.J. 344, 357 (2009). Accordingly, petitions may be barred if a petitioner could have raised an issue on direct appeal but failed to do so. Ibid. Typically, ineffective assistance of counsel claims are well-suited for post-conviction review "because they often cannot reasonably be raised in a prior proceeding." State v. Hess, 207 N.J. 123, 145 (2011) (quoting State v. Preciose, 129 N.J. 451, 460 (1992)). However, PCR will be precluded "if any ground for relief could have been raised at trial or on appeal" but was not. State v. Peoples, 446 N.J. Super. 245, 254-55 (App. Div. 2016) (citing State v. Afanador, 151 N.J. 41, 50 (1997)). While there are some exceptions to the general rule, the Supreme Court has emphasized the need to adhere to procedural bars. Echols, 199 N.J. at 357.

The PCR court correctly held that both of defendant's claims are procedurally barred by Rule 3:22-4. Specifically, the court held

> [defendant's] claims are procedurally barred. [Defendant] could have raised the issue of his factual basis at plea on direct appeal and is therefore barred from doing so here. Furthermore, [defendant's] second claim of ineffective assistance of counsel is for this exact same conduct – conduct which was not outside of the record, and was amenable to disposition on direct appeal.

10

Having thoroughly reviewed the record in light of the applicable legal principles, we are convinced that defendant possessed all of the necessary information to challenge the factual basis of his guilty plea on direct appeal because it was of record. Defendant has never claimed there were any out-of-court conversations with Johnson regarding the plea allocution that would contribute off-the-record content to a direct appeal.

There is no proof defendant directed Johnson to file an appeal, as determined by the PCR court. Nothing prohibited defendant from filing a direct appeal for ineffective assistance of counsel.

Therefore, the PCR court correctly found that defendant's PCR petition was barred by Rule 3:22-4. Accordingly, we affirm the order denying PCR.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1955-17T2